UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MORICE LAW FIRM, LLC** | **CIVIL ACTION** |
| VERSUS | No. 10-2942 |
| **RITA K. AKEHURST** | SECTION: I |
| | MAGISTRATE: 3 |

### ORDER AND REASONS

Before the Court is defendant's motion to dismiss or, alternatively, to stay this matter pursuant to the *Colorado River* abstention. Plaintiff, Morice Law Firm, LLC ("Morice"), has filed a response. For the following reasons, defendant's motion is **DENIED.**

### *BACKGROUND*

Plaintiff alleges that defendant, Rita K. Akehurst ("Akehurst"), rented office space from Morice and worked as a contract lawyer for Morice beginning in October 2001.[1] She was the lead lawyer for Morice in numerous client matters and obtained new clients who signed engagement agreements with Morice using Morice's form contracts.[2] Plaintiff alleges that Akehurst breached her contract with Morice when she advanced funds belonging to Morice to clients who were not paying their bills and when she took money in excess of her agreed monthly draw.[3] Plaintiff claims that Akehurst was evicted and fired on June 8, 2005.[4]

Defendant has intervened in *Mark Jones, et al. v. Bello's Furniture & Appliance, Inc., et al.*, a state case currently pending in the 18th Judicial District Court for the Parish of West Baton

---

[1] R. Doc. No. 1, ¶ 5.
[2] Id. at ¶ 8.
[3] Id. at ¶¶ 15-19.
[4] Id. at ¶ 19.

1

Rouge.[5]  In such case, Morice and Akehurst are litigating an attorneys' fees dispute.  As a former attorney for plaintiffs in the state court matter, defendant asserts an interest in any attorneys' fees earned by plaintiffs in the *Jones* case.[6]  The funds in dispute are currently deposited with the state court.[7]

After Akehurst intervened in the state case, plaintiff filed this lawsuit seeking a declaratory judgment that: (1) Akehurst was never a partner in, member of, or joint venturer with Morice (2) Akehurst is not entitled to any fees or other remuneration from Morice's clients who had contact with Akehurst (3) all attorneys' fee divisions will be made under a quantum meruit determination and (4) Akehurst has no lien or privilege on any attorneys' fees absent a written contract with plaintiff and compliance with La. Rev. Stat. Ann. § 37:218.[8] Plaintiff further seeks restitution, damages, and repayment of: (1) all costs, fees and expenses Akehurst expended on cases not authorized by Morice (2) all accounts receivable that Akehurst allegedly took after she was fired (3) all accounts receivable that Akehurst allegedly claimed as her own (4) all amounts collected by Akehurst after June 8, 2005 from former Morice clients who had outstanding balances with Morice and (5) the excess draw money allegedly taken by Akehurst.[9]

Defendant argues that this Court should abstain from adjudicating this matter because it involves issues and funds that are involved in a pending state court matter.  Plaintiff responds that abstention is not appropriate because this case is not parallel to the state court case and it does not present exceptional circumstances which would require abstention.[10]

## LAW AND ANALYSIS

---

[5] R. Doc. No. 17-1.
[6] Id.
[7] Id.
[8] R. Doc. No. 1, ¶¶ 61-64.
[9] Id. at ¶¶ 65-69.
[10] R. Doc. No. 20.

Abstention is the relinquishment of a federal court's jurisdiction "when necessary to avoid needless conflict with a state's administration of its own affairs." *Black's Law Dictionary* (8th ed. 2004). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814 (1976). "'The doctrine of abstention ... is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Id.* (quoting *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188-89 (1959)). "'Abdication of the obligation to decide cases can be justified under [the abstention doctrine] only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" *Id.* (quoting *Allegheny,* 360 U.S. at 188-89).

In *Colorado River,* the U.S. Supreme Court noted that, generally, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....'" *Id.* at 817 (quoting *McClellan v. Carland,* 217 U.S. 268, 282 (1910)). This is because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817-18 (citing *England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 415 (1964)). Accordingly, a court may abstain from a case because of parallel litigation in state court only under "exceptional" circumstances. *Id.* at 818.

In order to determine if the *Colorado River* abstention doctrine applies, the Court must first inquire into whether the federal and the state actions are parallel. *Diamond Offshore Co. v. A & B Builders,* 302 F.3d 531, 540 (5th Cir. 2002), *overruled on other grounds by Grand Isle Shipyard Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 788. "A suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum, thus making it likely that judgment in one suit will have a res judicata effect in the other suit."

*Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1229 n.1 (7th Cir. 1979). Furthermore, a federal case is parallel when "there is 'a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Kenner Acquisitions, LLC v. BellSouth Telecommunications, Inc.*, 2007 WL 625833, at * 2 (E.D. La. Feb. 26, 2007) (quoting *Lumen Constr., Inc. v. Brant Constr. Co*., 780 F.2d 691, 694 (7th Cir. 1979)).

Second, to determine whether "exceptional" circumstances exist in a given case, courts have identified six factors that may be considered related to "proper constitutional adjudication and regard for federal-state relations." These six factors are: (1) the assumption by either court of jurisdiction over a *res* (2) the relative inconvenience of the forums (3) the avoidance of piecemeal litigation (4) the order in which jurisdiction was obtained by the concurrent forums (5) to what extent federal law provides the rules of decision on the merits and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Colorado River,* 424 U.S. at 818-19; *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 18-26 (1983). No one factor is determinative and all applicable factors must be carefully balanced in a given case, "with the balance heavily weighted in favor of exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16.

## *DISCUSSION*

Assuming, without deciding, that the two cases are parallel, this matter does not present exceptional circumstances which would warrant *Colorado River* abstention. The balance of the six factors used to determine if exceptional circumstances exist weighs heavily against abstention.

With respect to the first factor, the Court notes that the state court has jurisdiction over the disputed funds in *Jones*.[11]  However, even though the first factor may indicate that the earlier court's jurisdiction over the *res* favors abstention, "there is no bar to jurisdiction in federal court in a case 'based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court.'" *Gross v. Weingarten*, 217 F.3d 208, 221 (4th Cir. 2000) (quoting *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939)).  Plaintiff seeks a declaratory judgment that Akehurst "is not entitled to any fees or other remuneration from . . . clients who signed contracts with [Morice] and who have never had a contract with [Akehurst]" and that Akehurst "has no lien nor privilege on any attorneys' fees absent a written contract with the plaintiff and compliance with La. R.S. 37:218."[12] Accordingly, the first factor does not weigh in favor of abstention.

The second factor also does not weigh in favor of abstention. When determining the relative inconvenience of the forums, the question is whether the "inconvenience of the federal forum is so great" that abstention is warranted.  *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988).  As the United States Court of Appeals for the Fifth Circuit has determined, the central concern of "the inconvenience factor primarily involves the physical proximity of the federal forum to the evidence and witnesses." *Id.* at 1191.  The distance between the state court in Baton Rouge and the federal court in New Orleans is approximately eighty-three miles. The defendant does not allege that this Court is so far from evidence or witnesses that she is unable to defend her case.  Indeed, the Morice law firm is located in Jefferson Parish.

The third *Colorado Rive*r factor addresses the problem of piecemeal litigation. *Colorado River*, 424 U.S. at 818.  As the United States Court of Appeals for the Third Circuit has

---

[11] R. Doc. Nos. 17-1, 4.
[12] R. Doc. No. 1, ¶¶ 62, 64.

determined, "the 'avoidance of piecemeal litigation' factor is met . . . only when there is evidence of a strong federal policy that all claims should be tried in state courts." *Ryan v. Johnson*, 115 F.3d 193 (3rd Cir. 1997). Defendant has failed to identify any such federal policy in this matter. Accordingly, this factor does not weigh in favor of abstention.

The fourth *Colorado River* factor, which speaks to the order in which jurisdiction was obtained, "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Akehurst intervened in state court action in March 2007.[13] Plaintiff filed the present matter in this Court in September 2010.[14] However, as plaintiff concedes, the only progress made in the state case is the deposit of the disputed attorneys' fees in the state court's registry and the setting of a June status conference.[15] Accordingly, the fact that the state court lawsuit was filed before this lawsuit does not weigh in favor of abstention.

The fifth factor, whether state or federal law will be applied, is generally either a neutral factor or one that weighs against granting abstention. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589, n. 4 (5th Cir.1994) (citing *Moses H. Cone*, 460 U.S. at 25). For instance, in *Evanston*, the U.S. Fifth Circuit found that, while Louisiana law was controlling in the interpretation of insurance policies, the district court erred in viewing the absence of a federal law issue as weighing in favor of dismissal. *Evanston*, 844 F.2d at 1193. The court reasoned that although the presence of federal law weighed against abstention, the presence of state law issues "weighs in favor of surrender [of federal jurisdiction] only in rare circumstances." *Id.* As a result, the court found that the presence of state law issues did not weigh in favor of abstention. *Id.* This case involves claims governed by state law.

---

[13] R. Doc. No. 17-2.
[14] R. Doc. No. 1.
[15] R. Doc. 17-1.

However, Akehurst does not assert that a "rare circumstance" exists in this case that would counsel in favor of abstention due to the presence of state law issues. Accordingly, this factor does not weigh in favor of abstention.

Finally, the sixth *Colorado River* factor concerns whether the rights of the parties are adequately protected in state court. *Moses H. Cone*, 460 U.S. at 26. As with the fifth factor, this factor is either neutral or weighs in favor of retaining jurisdiction. *St. Paul*, 39 F.3d at 589, n. 4. State and federal courts may have parallel jurisdiction and "[a] party who could find adequate representation in state court is not thereby deprived of its right to the federal forum...." *Evanston*, 844 F.3d at 1193. In other words, "the fact that both forums are adequate to protect the parties' rights merely renders this factor neutral on the question of whether the federal action should be dismissed." *Abell Corp. v. Indus. Risk Ins.*, 896 F. Supp. 598, 601 (E.D. La. 1995) (quoting *Noonan South, Inc. v. County of Volusia*, 841 F.2d 380, 382 (11th Cir. 1988)) (internal quotation marks omitted). Both the state court and this Court will provide adequate forums to protect the parties' rights. Accordingly, this factor is neutral.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Akehurst's motion to dismiss or, alternatively, to stay proceedings is **DENIED**.

New Orleans, Louisiana, June ___8th___ 2011

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

7